IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2007

## STATE OF TENNESSEE v. TIMOTHY R. BOUTON

**Appeal from the Criminal Court for Hamilton County**
**No. 251419     Rebecca Stern, Judge**

---

**No. E2006-02737-CCA-R3-CD - Filed February 8, 2008**

---

The Defendant, Timothy R. Bouton, appeals from the sentencing decision of the Hamilton County Criminal Court. The Defendant pled guilty to vehicular homicide and reckless endangerment with a deadly weapon. At a subsequent sentencing hearing, the trial court followed the pre-2005-revision sentencing law and imposed an effective ten-year sentence as a Range I, standard offender in the Department of Correction. In this appeal, the Defendant argues, for the first time, that the United States Supreme Court's Blakely v. Washington, 542 U.S. 296 (2004), decision precludes enhancement of his vehicular homicide sentence above the presumptive minimum of eight years. The Defendant also argues that the trial court erred by ordering a sentence of total confinement. After a review of the record, we conclude that the trial court did not err in denying the Defendant an alternative sentence. However, we must notice as plain error that the trial court improperly enhanced the Defendant's sentence by applying factors that were not determined by a jury. Because we cannot determine from the record before us the proper sentence to be imposed, this matter is remanded to the trial court for further resentencing in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part;**
**Reversed in Part; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. DAVID G. HAYES, J., filed a separate opinion, dissenting in part.

Ardena J. Garth, District Public Defender; Donna Robinson Miller, Assistant District Public Defender, for the appellant, Timothy R. Bouton.

Robert E. Cooper, Jr., Attorney General and Reporter; Dvid H. Findley, Assistant Attorney General; William H. Cox, III, District Attorney General; and James Woods, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

A Hamilton County grand jury returned a seven-count indictment against the Defendant in October of 2004, charging him with one count of vehicular homicide, one count of reckless endangerment with a deadly weapon, three counts of reckless aggravated assault, and alternative counts of driving under the influence. The underlying facts as stated at the guilty plea hearing were as follows:

> [O]n August 19, 2003, the [D]efendant was following his wife on Highway 153. His wife changed lanes, passing a slow moving truck, and then that truck then changed lanes in a sense cutting her off. She had to slow quickly to avoid hitting that truck. The [D]efendant was not able to stop. He tried to dodge his wife's vehicle and clipped it instead and he lost control. Both cars crossed the median and hit a van driven by Edna Williams. The [D]efendant's car hit Ms. Williams' van along the side and the other vehicle hit—his wife's vehicle hit the van nearly head on. Ms. Williams' van came to rest in a driveway and caught fire. Two deputies tried to rescue her from her vehicle. They were not successful and suffered burns in the process. Ms. Williams died in the accident, in the fire.
>
> According to hospital records the [D]efendant's blood alcohol level was .156 at the time of the wreck. The time of the wreck was . . . in the afternoon and there was other traffic on the road.

On June 29, 2005, the Defendant pled guilty to vehicular homicide, a Class B felony, and reckless endangerment with a deadly weapon, a Class E felony, see Tenn. Code Ann. §§ 39-13-103, -213 (2003), and the remaining counts were dismissed. There was no agreement regarding a sentencing recommendation.

On August 29, 2005, the trial court, applying the June 7, 2005 amendments to the 1989 Criminal Sentencing Reform Act,[1] ordered the Defendant to serve ten years for the vehicular homicide conviction and one year for the reckless endangerment conviction. These sentences were to be served concurrently.

The Defendant appealed his sentence to this Court. We remanded the case for a determination of whether the Defendant executed a waiver of his ex post facto protections and

---

[1] Our legislature, in response to Blakely v. Washington, 542 U.S. 296 (2004), amended several provisions of the Criminal Sentencing Reform Act of 1989 and said changes became effective June 7, 2005. See 2005 Tenn. Pub. Acts ch. 353, § 22. Offenses committed before June 7, 2005, were to be governed by prior law unless a defendant elected to be sentenced under the new provisions and executed a waiver of his or her ex post facto protections. Id. at § 18. Additionally, we note that the United States Supreme Court has held that these new amendments do not run afoul of Sixth Amendment protections. See Cunningham v. California, 549 U.S. --, 127 S. Ct. 856, 871 n.18 (2007).

elected to be sentenced under the June 7, 2005 amendments. See State v. Timothy R. Bouton, No. E2005-02294-CCA-R3-CD, 2006 WL 2373471, at *2 (Tenn. Crim. App., Knoxville, Aug. 17, 2006).

A resentencing hearing was held on December 4, 2006. At this hearing, the Defendant elected to be sentenced under the pre-2005-revision sentencing law. Following the conclusion of proof, the trial court again sentenced the Defendant to concurrent terms of ten years and one year as a Range I, standard offender.[2] The trial court did not give any weight to mitigators in fashioning the Defendant's sentence. Finally, any form of alternative sentencing was denied, and the Defendant was ordered to serve his sentence in the Department of Correction.

It is from this December 4, 2006 sentencing determination that the Defendant now appeals. On appeal, the Defendant presents two arguments for our review: (1) whether the trial court improperly enhanced his vehicular homicide sentence in violation of Blakely v. Washington, 542 U.S. 296 (2004), by applying enhancement factors that were not determined by a jury; and (2) whether the trial court erred in denying any form of alternative sentencing.

**ANALYSIS**

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b) (2003); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (2003). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusion reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments (2003); Arnett, 49 S.W.3d at 257.

---

[2] Because the sentence imposed was identical to the one imposed in August 2005, new judgments forms were not entered.

## I. Blakely v. Washington

On appeal and for the very first time, the Defendant submits that the trial court erred in sentencing him beyond the presumptive minimum sentence of eight years to ten years for his vehicular homicide conviction. The Defendant received the presumptive minimum sentence of one year for his reckless endangerment conviction, and he does not raise a challenge to the length of this sentence on appeal.

The record reflects that the Defendant failed to object to the application of any enhancement factors on Sixth Amendment grounds. When the Defendant was resentenced in December 2006, State v. Gomez, 163 S.W.3d 632 (Tenn. 2005) ("*Gomez I*"), was the law in the State of Tennessee. In *Gomez I*, our supreme court concluded that Tennessee's sentencing laws did not violate the dictates of Blakely. However, the United States Supreme Court vacated the judgment in *Gomez I* and remanded that case to the Tennessee Supreme Court for further consideration in light of Cunningham v. California, 549 U.S. --, 127 S. Ct. 856 (2007). See Gomez v. Tennessee, -- U.S. --, 127 S. Ct. 1209 (2007).

Upon remand, our supreme court, in State v. Gomez, No. M2002-01209-SC-R11-CD, -- S.W.3d --, 2007 WL 2917726 (Tenn. Oct. 9, 2007) ("*Gomez II*"), adhered to its decision that the defendants had waived plenary appellate review of their Sixth Amendment claims, but the court determined that the record established the defendants were entitled to plain error relief. See Gomez, 2007 WL 2917726, at *2. The *Gomez II* Court held that, in light of the Cunningham decision, Tennessee's 1989 sentencing scheme violated the Sixth Amendment to the extent it permitted sentence enhancement on the basis of judicially-determined facts other than a defendant's prior convictions. Id. at *6. Therefore, it was plain error for the trial court to enhance the defendants' sentences based on judicially-found facts, and reversal was required because the record did not allow the court to determine the proper sentences to be imposed. Id. at *8.

Thus, this Court must treat any Blakely error as waived unless it is deemed to be plain error. Rule 52(b) of the Tennessee Rules of Criminal Procedure provides that "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." Tenn. R. Crim. P. 52(b). In order to find plain error, we must consider five factors:

> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused [must not have waived] the issue for tactical reasons; and
> (e) consideration of the error [must be] necessary to do substantial justice.

State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) (citations and quotations omitted).

Taking these factors in sequence, the record clearly establishes that the Defendant was convicted of vehicular homicide, a Class B felony. See Tenn. Code Ann. § 39-13-213 (2003). As a Range I, standard offender, the Defendant was subjected to a possible sentence of eight to twelve years. See Tenn. Code Ann. § 40-35-112(a)(1) (2003). In determining the Defendant's sentence for vehicular homicide, the trial court applied the following enhancement factors: (1) The Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) The Defendant had no hesitation about committing a crime when the risk to human life was high;[3] and (3) The felony was committed while on probation (if such release is from a prior felony[4] conviction). Tenn. Code Ann. § 40-35-114(2), (11), (14) (2003).[5]

Next, in accordance with our supreme court's opinion in *Gomez II*, we must conclude that the trial court, by applying enhancement factors (11) and (14), breached a clear and unequivocal rule of law. Gomez, 2007 WL 2917726, at *6. Additionally, a fundamental constitutional right of the Defendant, his Sixth Amendment right to have a jury determine which enhancement factors applied, is affected. Id.

Just as in *Gomez II*, we must conclude that the record does not indicate that the Defendant waived his Sixth Amendment claims for tactical reasons. In *Gomez II*, our supreme court found that the record was silent and did not establish that the defendants made a tactical decision to waive their Sixth Amendment claims, reasoning, "Rather, it appears that defense counsel, like many others in the legal community, did not realize until Blakely was decided that the [d]efendants had a potential claim for relief under Apprendi." Id. at *7 (footnote omitted). The same rationale applies here given our supreme court's ruling in *Gomez I*—the legal community did not realize that there was any longer a viable claim for relief under Blakely because our supreme court had specifically held that Tennessee's sentencing laws did not violate the Sixth Amendment. Accordingly, the record is devoid of any evidence that the Defendant waived the issue for tactical reasons.

Finally, consideration of the trial court's error via plain error is necessary to do substantial justice. In the present case, the trial court found as an enhancement factor that the Defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(2) (2003). A trial court may properly consider the Defendant's prior convictions, as well as prior criminal behavior admitted to by a defendant, when imposing sentence. Gomez, 2007 WL 2917726, at *7.

---

[3] The trial court relied on the fact that there were children present in the Defendant's and his wife's automobiles.

[4] We note that the Defendant was on unsupervised probation from a misdemeanor, not a felony, at the time he committed the instant offenses.

[5] Given the Defendant's election to be sentenced under the pre-2005-revision sentencing laws, our reference in this opinion are to the sentencing provisions as they existed at the time the Defendant committed the instant crimes.

The presentence report reflects that, on May 20, 2003, the Defendant was convicted of simple assault, a Class A misdemeanor, see Tenn. Code Ann. § 39-13-101 (2003), in the Red Bank City Court and received a suspended sentence of eleven months and twenty-nine days. On February 17, 2005, prior to the first sentencing hearing in this case, the Defendant was convicted of theft up to $500, also a Class A misdemeanor, see Tenn. Code Ann. §§ 39-14-103, -105 (2003). For the theft conviction, he received an eleven-month and twenty-nine-day sentence to be served concurrently with the sentence imposed in this case.

The trial court apparently believed that it could not consider the theft conviction because the offense occurred subsequent to the instant crimes. However, there is no such preclusion. This Court has previously held that a sentencing court "can consider criminal convictions or any other criminal behavior which occurred prior to the sentencing hearing as constituting a previous history of criminal convictions or criminal behavior, regardless of whether the convictions or behavior occurred before or after the criminal conduct under consideration." State v. Linc Sebastian Baird, No. E2003-02506-CCA-R3-CD, 2004 WL 2419083, at *3 (Tenn. Crim. App., Knoxville, Oct. 29, 2004) (quotation omitted).

Defense counsel explained the theft conviction as follows: "The theft charge that Your Honor has was actually where he was renting to own a DVD player. He was making payments. When he got incarcerated he was unable to fulfill those payments and they sought theft charges." The trial court referred to the Defendant's criminal history as "a small history . . . ." Because of the statements of the trial court regarding the assault conviction, the fact that the trial court mistakenly did not consider the theft conviction, the statements of defense counsel regarding the circumstances surrounding the theft, and finally that both convictions are misdemeanors, the record before is not sufficiently developed for us to determine the proper sentences based on this enhancement factor alone. See Gomez, 2007 WL 2917726, at *8. Substantial justice requires us to vacate the ten-year sentence imposed and remand for resentencing.

## B. Alternative Sentencing

The Defendant also argues that the trial court erred by denying him probation or another form of alternative sentencing. The trial court denied alternative sentencing finding that confinement was necessary to avoid depreciating the seriousness of the offense and that confinement was particularly suited to provide an effective deterrence to others likely to commit similar offenses. See Tenn. Code Ann. § 40-35-103(1)(B).

A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003); see also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The following considerations provide guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1) (2003); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4) (2003). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. See Tenn. Code Ann. § 40-35-103(5) (2003).

The Defendant's ten-year sentence resulted from his conviction for a Class B felony. Because the Defendant's actual sentence is more than eight years, he is ineligible for probation. See Tenn. Code Ann. § 40-35-303(a) (2003).[6] Additionally, because the Defendant was convicted of a Class B felony, he receives no presumption in favor of alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (2003). In light of his Class B felon status, it is the Defendant who bears the burden of establishing suitability for an alternative sentencing option.

Based upon our de novo review, we conclude that the record supports a sentence of total incarceration. First, we must note that the record before this Court contains no indication of any statistical evidence presented at sentencing or that anyone with special knowledge testified about the level of drunk driving offenses in the community, the jurisdiction, or the state. See State v. Hooper, 29 S.W.3d 1, 10-11 (Tenn. 2000). The proof fails to support deterrence as a basis for the denial of an alternative sentence. In the absence of any evidence on the matter, we are forced to conclude that this factor does not apply. There are other reasons, however, which would warrant denial.

The Defendant was on unsupervised probation for assault at the time he committed the instant offenses. It appears from the record that the Defendant failed to report in October 2003, and his probation was revoked. However, the court stayed execution of the sentence and ordered the Defendant to complete an anger management course. Measures less restrictive than confinement had been recently applied to the Defendant, and those measure were unsuccessful. See Tenn. Code Ann. § 40-35-103(1)(C) (2003).

The trial court found that confinement was necessary to avoid depreciating the seriousness of the offenses. In order to deny an alternative sentence based upon the seriousness of the offense,

---

[6] Effective June 7, 2005, the statute was amended to make anyone sentenced to ten years or less eligible for probation, but the Defendant in this case elected to be sentenced under the pre-2005-revision sentencing law.

"the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all factors favoring an alternative sentence. State v. Hartley, 818 S.W.2d 370, 375 (Tenn. Crim. App. 1991); see also State v. Blackhurst, 70 S.W.3d 88, 98 (Tenn. Crim. App. 2001). The Defendant had a blood alcohol content of .156 in the middle of the afternoon, and one of his minor children was in his car and the other was in his wife's vehicle. The circumstances of the offense support a finding that confinement is necessary to avoid depreciating the seriousness of the offense. See, e.g., State v. Mary K. Baggett, No. 03C01-9401-CR-00031, 1995 WL 406950, at *2 (Tenn. Crim. App., Knoxville, July 11, 1995) (denial of alternative sentencing warranted when defendant had blood alcohol content of .24 in the middle of the afternoon and her minor child was in the car). Based upon our review of the record, we cannot conclude that the trial court erred or abused its discretion by denying an alternative sentence.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not err in denying the Defendant an alternative sentence. However, the trial court's enhancement of the Defendant's vehicular homicide sentence beyond the presumptive minium based upon judicially-determined facts violated the Defendant's Sixth Amendment rights, and we must vacate the ten-year sentence. Because we cannot determine the proper sentence to be imposed from the record presently before this Court, we must remand for resentencing in accordance with this opinion. Accordingly, the sentencing decision of Hamilton County Criminal Court is affirmed in part and reversed in part. This case is remanded for resentencing.

                                              _____

                                              DAVID H. WELLES, JUDGE